# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUDITH MICHAELIAN,

    Plaintiff,

v.

LAWSUIT FINANCIAL, INC.
and MARK M. BELLO,

    Defendants.

Case No. 17-13321
Hon. Terrence G. Berg

## ORDER APPOINTING SPECIAL MASTER/ EXAMINER

On October 15, 2018, the Court heard oral argument on several motions in this case, including Plaintiff's Motion to Appoint a Receiver. At the hearing, the Court indicated that the pleadings and exhibits pertaining to the request to appoint a receiver raised sufficient questions to justify the appointment of a special master or examiner to investigate the financial condition of Defendant Lawsuit Financial Inc. The Court directed parties to submit a proposed stipulated order that specified the scope of duties of the special master or examiner.

The parties submitted their proposed stipulated order on October 19, 2018. This proposed stipulation is attached as Exhibit 1 to this Order. The stipulated order set out the parties' agreement

1

that the special master or examiner should investigate the following areas of inquiry:

- The current financial health and stability of LFC, including an assessment of its assets and short and long-term debt obligations, and its long-term sustainability and viability, both assuming LFC receives no additional capital and assuming that LFC receives capital injections at various levels during the next 12-24 months;

- The ability of LFC to fund the payment of a settlement or judgment in the amount of approximately $800,000 (less the $266,000 LFC has escrowed or repaid to date), with monthly payments over a 24-36 month time frame, while continuing to operate under its current business model of funding cases; and,

- A determination of the largest regular monthly payment that LFC could consistently make while still continuing operations.

The Court has the authority to appoint a special master to "perform duties consented to by the parties," or "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(A), (C).

Supreme Court jurisprudence predating the adoption of the Federal Rules of Civil Procedure—and lower court decisions issued well after their adoption—gives federal courts broad authority in

2

this arena. *In re Peterson*, 253 U.S. 300, 312 (1920) ("Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties. . . This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause."); *cf. Curtis v. Brunsting*, No. 4:12-CV-592, 2013 WL 12100751 (S.D. Tex. Apr. 19, 2013) (appointing an accountant to investigate financial records of a trust); *cf. Festival Fun Parks, LLC v. Mountain Creek Resort, Inc.*, No. 12-410 (FSH), 2015 WL 758467 (D.N.J. Feb. 23, 2015) (entertaining the defendant's Motion for Instructions to Accountant after the court appointed an accountant agreed upon by the parties).

In addition to the Court's inherent power, Fed. R. Civ. P. 53(a)(1)(A) provides that the Court may appoint a master to "perform duties consented to by the parties." Here, the parties have stipulated to the three specific areas of inquiry to be investigated. In addition, Rule 53(a)(1)(C) authorizes the Court to appoint a master to address any pretrial matters that cannot be effectively

addressed by the district judge. Here, the Court requires the expertise of an accountant to address the question of the financial health of a company such as Lawsuit Financial.

Although the Court asked the parties to propose a qualified accountant to serve as examiner, the parties were unable to do so and requested the Court to select one. Accordingly, the Court will appoint **BL Consultants, LLC,** of 260 E. Brown Street, Suite 280, Birmingham, Michigan (Barry P. Lefkowitz, Managing Director) as special master/examiner, charged with investigating the financial health of Lawsuit Financial, Inc., in accordance with the stipulated responsibilities listed above.

To effectuate this Order, Defendants shall promptly comply with any and all requests for documents and records by **BL Consultants, LLC**, as well as allow inspections of any books and records with proper notice and reasonable accommodation. **BL Consultants, LLC** is authorized to contact the attorneys and the parties in this case in order to conduct the investigation.

Defendants shall be responsible for the fees and costs incurred by **BL Consultants, LLC** pursuant to this Order, and shall

4

execute a retainer agreement for **BL Consultants, LLC** in the amount of $25,000, due immediately, with the fees and costs for the investigation to be charged against that sum.

**WHEREFORE, IT IS HEREBY ORDERED,** that **BL Consultants, LLC** is appointed Special Master-Examiner to investigate the financial condition of Lawsuit Financial, Inc;

**IT IS FURTHER ORDERED** that **BL Consultants, LLC** shall produce a report of its findings to the Court, addressing the three areas of inquiry listed above, no later than December 17, 2018.

**SO ORDERED.**

Dated: October 30, 2018    s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 30, 2018.

                                              s/A. Chubb
                                              Case Manager