# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUDITH MICHAELIAN,

    Plaintiff,

v.

LAWSUIT FINANCIAL, INC.
and MARK M. BELLO,

    Defendants.

Case No. 17-13321
Hon. Terrence G. Berg

## ORDER UNSEALING ECF NO. 65-1 AND DENYING PLAINTIFF'S MOTION TO APPOINT A RECEIVER

Plaintiff Judith Michaelian's deceased husband, Marshall Michaelian, gave Defendant Mark Bello and his company, Defendant Lawsuit Financial, approximately $800,000 between 2015 and 2017. Lawsuit Financial is a business that funds plaintiffs' lawsuits in exchange for a portion of any eventual recovery.

After Marshall's death, Plaintiff sought to get back the money Marshall had given to Defendants. Unable to obtain adequate information about the accounting of Marshall's funds, Plaintiff brought suit for injunctive relief, breach of contract, accounting, breach of fiduciary duty, fraudulent misrepresentation, silent fraud, negligent misrepresentation, innocent misrepresentation, violation of the Securities and Exchange Act of 1934 and Rule 10b-5,

1

violation of the Securities Act of 1933, and violation of the Michigan Uniform Securities Act.

Defendants have never disputed that they owe money to Plaintiff and, in fact, parties are generally in agreement as to the amount owed, but for some differences concerning the amount of interest. Plaintiff, however, is concerned that Defendants would be unable to satisfy a judgment in the amount owed. She therefore requested that the Court appoint a receiver for Defendant Lawsuit Financial. ECF No. 50. Prior to Plaintiff's Motion to Appoint a Receiver, Defendants deposited $175,000 with the Court in escrow to be used in partial satisfaction of any judgment. An additional $91,000 was added to this amount, for a total of $266,000.

Plaintiff's Motion to Appoint a Receiver alleges that proceeds from settled lawsuits are being used to fund Defendant Bello's lavish lifestyle. ECF No. 50 PageID.4908. Defendants respond that Lawsuit Financial is financially viable and argue that appointing a receiver would be unnecessary and even harmful, since the business depends on the experience of its owner, Defendant Bello. ECF No. 52 PageID.5650.

The Court has the authority to appoint a receiver pursuant to Fed. R. Civ. P. 66. "A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the

2

court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets [and] administer the property as suitable. . ." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

With Plaintiff claiming that Defendant Lawsuit Financial was not viable, and Defendant maintaining the opposite, it is difficult for the Court to assess whether a Receiver was needed to ensure that Defendant could meet its obligations. The Court therefore appointed a Special Master/Examiner to evaluate the financial health of Lawsuit Financial. In an Order issued October 30, 2018, the Court appointed BL Consultants, LLC to serve as a Special Master/Examiner, carrying out specific duties to which parties stipulated in advance. ECF No. 62.

The Special Master/Examiner's Report, ECF No. 65-1, indicates that Defendant Lawsuit Financial is solvent and can pay its debts.[1] The Special Master/Examiner made no specific recommendation as to the largest possible monthly payment that Defendant Lawsuit Financial could afford because cash flow for lawsuit funding businesses is inconsistent, depending on the timing of when cases settle.

---

[1] The Report states "In addition to maintaining a consistent net worth, LFC has been able to continue to operate and pay its debts as they came due as a result of LFC's ability to maintain a positive net working capital (current assets less current liabilities). . ." ECF No. 65-1 PageID.6294.

But the Special Master/Examiner indicated that Defendant's available cash flow was sufficient to reasonably assure Plaintiff's eventual recovery. ECF No. 65-1 PageID.6296 ("It is our opinion that LFC will be able to continue to fund the remaining $534,000 owed to Michaelian over a 24-36 month time frame. . ."). The fact that Defendants have escrowed $266,000 with the Court supports this conclusion.

The most important group of factors district courts analyze in determining whether to appoint a receiver is the likelihood that the asset will be squandered. *See, e.g.*, *PNC Bank, Nat. Ass'n v. Goyette Mechanical Co., Inc.*, 15 F. Supp. 3d 754, 758 (E.D. Mich. 2014) (listing eight factors to consider, four of which relate in some way to the likelihood that the asset will exist at the close of litigation); *Federal Nat. Mortgage Ass'n v. Mapletree Investors Ltd. Partnership*, No. 10-cv-10381, 2010 WL 1753112, at *3 (E.D. Mich. Apr. 30, 2010) ("The appointment of a receiver is not a matter of right, but rather lies in the discretion of the district court and will be exercised only when necessary to protect the plaintiff's interest in property which is the subject of the action." (citations omitted)). Based on the Report of the Special Master/Examiner and on Defendant's ability to escrow $266,000 with the court in a span of four months, the Court finds that the appointment of a receiver would not be appropriate. Plaintiff's Motion to Appoint a Receiver is therefore **DENIED**.

On December 21, the Court disclosed the Report of the Special Master/Examiner to the parties and filed it on the docket under seal, giving parties the opportunity to show cause within fourteen days why the Report should not be unsealed. ECF No. 65. Fourteen days have elapsed and neither party has objected to the Report being unsealed. Therefore, the Court directs the Clerk of the Court to unseal ECF No. 65-1.

**SO ORDERED.**

Dated: January 10, 2019  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 10, 2019.

s/A. Chubb
Case Manager